ALMON, Justice.
This is an appeal from a judgment granting a motion to dismiss for failure to state a claim upon which relief can be granted in favor of defendants-appellees, Alabama Power Company and Brasfield & Gorrie, Inc. We affirm the judgment of the trial court.
*236 Plaintiff, Thomas W. Jones, operated a service station from September 29, 1971, until September, 1975, in Birmingham, Alabama. In July of 1974, defendant Brasfield and Gorrie, Inc. began construction of a multi-level parking deck on property owned by Alabama Power Company. Plaintiff’s service station was located on the northwest corner of the intersection of Seventeenth Street and Sixth Avenue, North. Alabama Power Company’s property occupied the northeast corner of the intersection of Seventeenth Street and Sixth Avenue, and was directly across the street from the plaintiff’s business. Alabama Power Company’s property extended the full length of the block between Sixth and Seventh Avenues, North. Sixth Avenue controls one-way traffic westward, and Seventeenth Street controls one-way traffic southward. Each street has four lanes of traffic.
In December of 1974, the defendants barricaded Seventeenth Street, North, between Sixth and Seventh Avenue. Defendants acknowledged that the westernmost lane of Seventeenth Street was not opened to traffic until approximately April 15,1975. Two more lanes were opened for traffic on approximately June 15,1975. The record does not indicate when the fourth lane was finally opened.
The plaintiff filed suit alleging that the defendant’s barricade and the resulting restriction of vehicular traffic caused the loss of business customers, the loss of business revenues, and that the barricades constituted “intentional acts of interference in the operation of a lawful business.”
The plaintiff’s claim against both defendants was dismissed. The trial court ruled that, as a matter of law, the complaint failed to state a claim upon which relief could be granted. Rule 12(b)(6) ARCP. In the final order, the court noted that the defendants claimed that the obstruction of traffic “was lawfully done in connection with the construction and with the express consent and permission of the City of Birmingham,” and the court noted that the plaintiff’s attorney stated “that he had no evidence that this was other than true.”
Although the parties have treated the dismissal as though it was a dismissal for failure to state a claim under Rule 12(b)(6), ARCP, it is obvious that the trial court considered the uncontroverted aver-ments in the defendant’s answer in dismissing the claim. Therefore, we shall consider the dismissal as a judgment on the pleadings under Rule 12(c) ARCP as to defendant, Brasfield & Gorrie.
A motion for judgment on the pleadings disposes of a case when the material facts are not in dispute. McCullough v. Alabama By-Products Corp., 343 So.2d 508 (Ala.1977).
There appears to be no dispute that the municipal authorities gave their consent to the erection of the barricades, and absent any allegations that this action was wrongful, the trial court properly entered judgment for the defendants. The authority of the city’s action is not questioned. Alabama Constitution, Art. XII, § 220; § 11-49-1, Code of Alabama, 1975.
With the pleadings in this posture no factual issues are presented. The judgment is therefore affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.