The plaintiff, Comer Stockman, appeals from a Rule 12(c), A.R.Civ.P., judgment on the pleadings entered in favor of the defendants, Echlin, Inc. ("Echlin"), Prattville Manufacturing Company (hereinafter referred to as "PMI"), and Heavy Duty Friction Group (hereinafter referred to as "HDFG").
Stockman was hired as a technical services manager for HDFG on July 2, 1990. HDFG and PMI are divisions of Echlin. According to Stockman, Rod Richardson, who was the vice-president of Echlin, contacted him in August 1989 concerning a job *Page 394 
with HDFG. Stockman was employed at the time, and he declined the offer. In May 1990, Stockman was again approached by Richardson concerning working for HDFG. Stockman was interviewed by Tony Sasso, director of technical services for HDFG. Stockman stated in his pleadings that he questioned Sasso about the financial soundness of HDFG, PMI, and Echlin. Stockman alleges that Sasso stated that the companies were financially sound and that if Stockman accepted the job offer, "his future would be good at HDFG." (C.R. 9.) Stockman also claimed that Sasso stated that he would have a long-term employment arrangement with HDFG. Stockman accepted the job with HDFG in July 1990. In November 1990, Stockman talked with Sasso concerning his job and the financial stability of HDFG. Stockman alleged that Sasso stated that HDFG and Echlin were not having financial difficulties and that Stockman "had nothing to worry about" concerning his job. (C.R. 10.) Stockman's employment was terminated because of economic problems in January 1991.
Stockman sued HDFG, PMI, and Echlin. Specifically, Stockman claimed that Sasso's statements as to the financial situation of the companies were fraudulent and that he would not have agreed to work for HDFG had he known the actual financial situation of the companies. Stockman is not claiming damages relating to the job he lost with HDFG, but is claiming damages for the loss of his former job.
The companies filed an answer and subsequently moved for a judgment on the pleadings pursuant to Rule 12(c). The trial court stayed discovery while the motion for judgment on the pleadings was pending. Stockman and the companies filed briefs and affidavits on the motion. After a hearing, the trial court granted the motion for judgment on the pleadings in favor of the companies, stating:
 "This matter came on for hearing of oral arguments on the defendant's motion for judgment on the pleadings. The hearing was held on May 10, 1991. . . . After considering the arguments of counsel for both parties, as well as the law and briefs presented to the Court, the Court is of the opinion that the motion is well taken and should be and [it] hereby is granted."
 "It is therefore ordered, adjudged and decreed that the motion for judgment on the pleadings be and [it] hereby is granted. The case is therefore dismissed as to all of the Defendants. This is a final order and there is no just reason for delay."
(C.R. 79.)
Rule 12(c), A.R.Civ.P., reads as follows:
 "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."
A judgment on the pleadings disposes of a case when no material facts are in dispute. Jones v. Alabama Power Co.,362 So.2d 235 (Ala. 1978).
In a motion for judgment on the pleadings, the trial court is bound by the pleadings. In this case, the trial court did not indicate whether it considered matters outside the pleadings in making its determination. No transcript from the hearing on the motion was presented to this Court. Because the record is silent as to whether the trial court considered matters outside the pleadings, e.g., the affidavits presented by both parties, we must reverse and remand. The trial court must look only to the pleadings in determining whether the motion for judgment on the pleadings should be granted. If the trial court considers matters outside the pleadings, then the motion should be treated as a motion for summary judgment. Rule 12(c), A.R.Civ.P. Clearly, the trial court viewed the motion as a motion for judgment on the pleadings. From our review of the pleadings, we conclude that Stockman did state *Page 395 
a claim upon which relief might be granted. Therefore, the trial court erred in entering the judgment on the pleadings.
We note that by stating that the judgment on the pleadings was improper, this Court is not determining the appropriateness of a motion for summary judgment. That issue is not before us. Accordingly, we reverse and remand.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.