**Edmund J. BAJENSKI, Plaintiff,**

v.

**Jack P. CHIVATERO, etc., Defendant.**

**No. 1:92CV1973.**

United States District Court,
N.D. Ohio, E.D.

Jan. 7, 1993.

John G. Quillin, Cuyahoga Falls, OH, for plaintiff.

Annette G. Butler, Asst. U.S. Atty., Cleveland, OH, Leslie M. Singer, Dept. of Justice, Washington, DC, for defendant.

## ORDER

MATIA, District Judge.

The within matter came on for a telephone conference call with lead counsel of record on December 1, 1992, in lieu of the Case Management Conference set for the next day. At that time, lead counsel of record agreed on the date that plaintiff would file his memorandum.

In a complaint filed against the District Director of the Internal Revenue Service for the Northern District of Ohio, plaintiff-taxpayer challenges assessments, penalties and interest exceeding $250,000.00 for failing to pay Federal Unemployment Tax and to file Employer's Quarterly Federal Tax Returns for 1986, 1987 and 1988. Complaint at ¶ 14. He asserts equity jurisdiction and seeks to enjoin the collection of the assessments, penalties and interest [1], and requests that "[t]he Employers Quarterly Federal Tax and the Federal Unemployment Tax statutes be adjudged illegal and invalid as applied to Plaintiff for the tax years 1986, 1987 and 1988." Id.

■ A taxpayer who desires to challenge an alleged deficiency may file a petition for redetermination in the Tax Court without paying a cent, thereby enabling him to contest his liability for the deficiency before an assessment is made or collection efforts ensue. 26 U.S.C. § 6213. Alternatively, the taxpayer may pay the assessment and seek a refund through administrative channels. A taxpayer may file a complaint in federal district court after exhausting his administrative remedies. See 26 U.S.C. §§ 6511(a) and 7422. Purk v. Internal Revenue Service, No. 89–3811, 1990 WL 10692, at *1, 1990 U.S.App. LEXIS 1984, at *2 (6th Cir. Feb. 9, 1990).

■ If the taxpayer fails to timely file a Tax Court petition, § 7421(a) of the Internal Revenue Code, commonly called the Anti–Injunction Act [2], renders him powerless to

---

1. Paragraph 18 of the complaint states:

   The injunctive relief herein prayed is not precluded by 26 U.S.C. § 7421(a) because the assessment is illegal and void, and enforcement of the tax against Plaintiff would ruin Plaintiff financially and would inflict losses for which Plaintiff has no adequate remedy at law. Plaintiff's motion for temporary restraining order filed on October 5, 1992 was withdrawn.

2. It appears from the complaint that plaintiff is not attempting to meet the requirements of any of the statutory exceptions enumerated in the Anti–Injunction Act. 26 U.S.C. § 7421(a). See Complaint at ¶ 3. Section 7421(a) provides in pertinent part:

   no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person. . . .

impede the collection efforts of the IRS, and his only recourse is to pay the tax in full and then contest the merits in a refund action. *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962); *Bob Jones University v. Simon,* 416 U.S. 725, 736–737, 94 S.Ct. 2038, 2045–2046, 40 L.Ed.2d 496 (1974); *South Carolina v. Regan,* 465 U.S. 367, 376, 104 S.Ct. 1107, 1113, 79 L.Ed.2d 372 (1984). "If he permits his time for filing such an appeal to expire, he can hardly complain that he has been unjustly treated, for he is in precisely the same position as any other person who is barred by a statute of limitations." *Flora v. United States,* 362 U.S. 145, 175, 80 S.Ct. 630, 646, 4 L.Ed.2d 623 (1960).

■ The Supreme Court has recognized two limited judicial exceptions to the Anti–Injunction Act. First, only upon proof of the presence of two factors can the literal terms of 26 U.S.C. § 7421(a) be avoided: (1) collection would cause irreparable harm, the essential prerequisite for injunctive relief in any case, and (2) certainty of success on the merits. *Williams Packing, supra,* at 6–7, 82 S.Ct. at 1128–1129. Second, the Act does not apply to parties for whom Congress has not provided an alternative forum in which to litigate their claims. *Regan, supra,* 465 U.S. at 373, 104 S.Ct. at 1111.

■ Although a district court has the power to dismiss a complaint *sua sponte* for failure to state a claim upon which relief can be granted, it may not properly do so without giving plaintiff adequate notice and an opportunity to be heard. *Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir.1991) (citing *Perez v. Ortiz,* 849 F.2d 793, 797 (2d Cir.1988); 5A C. Wright & A. Miller, *Federal Practice and Procedure,* § 1357, at 301 (1990)). A Court may also grant judgment on the pleadings *sua sponte* when, "after the pleadings are closed," the court determines that there is no material issue of fact presented and that one party is clearly entitled to judgment. *Flora v. Home Federal Sav. and Loan Ass'n,* 685 F.2d 209 (7th Cir.1982) (citing *Friedman v. Washburn Co.,* 145 F.2d 715, 717 (7th Cir. 1944)). Accordingly,

Plaintiff shall show cause by filing a memorandum on or before *January 11, 1993,* containing his legal analysis (in a non-conclusory fashion) why this case should not be dismissed pursuant to Fed.R.Civ.P. 12 for failure to show that a statutory or judicial exception to the Anti–Injunction Act applies.

IT IS SO ORDERED.