Deaton, Inc., filed this action in the Montgomery Circuit Court against James P. Hayes, as commissioner of the Department of Revenue,[1] and Charles Bishop, as commissioner of the Department of Agriculture and Industries, seeking a judgment declaring that the statute imposing the "Alabama Pump Inspection Fee"[2] violates the Interstate Commerce Clause of the United States Constitution and declaring that a refund is due under the International Fuel Tax Agreement ("IFTA"). See U.S.C.A. § 31701(3). The trial court granted the motion to intervene filed by Mack Roberts, as commissioner of the Department of Transportation.
The Department of Agriculture and Industries moved for a summary judgment. Its motion was accompanied by a brief containing citations to caselaw, but the motion did not refer to any affidavit, deposition, exhibit, or any other part of an evidentiary record. The motion included an argument that Deaton had failed to state a claim upon which relief could be granted. The motion also included the following statement: "In support of this motion, [the defendant] relies on the Complaint, subsequent pleadings and Memorandum Brief filed with this motion."
Deaton did not file a "statement in opposition" to the motion (see Rule 56(c)(1), Ala.R.Civ.P.), but instead argued that the motion was not properly supported, as required by Rule 56(c), because the motion was not supported by any evidence. Therefore, Deaton argued, the motion, styled as a motion for a summary judgment, should be considered as a motion for a judgment on the pleadings. The trial court held "that the Motion for Summary Judgment of the Commissioner of Agriculture sufficiently satisfies the requirements of Rule 56 . . . and that Deaton, with proper notice of the Motion hearing, failed to timely oppose as required by the Rule." Thus, it determined that the motion was one for a summary judgment, not one for a judgment on the pleadings, and it granted the motion. The trial court's order further indicated that its summary judgment for the Department of Agriculture and Industries made the action moot as to the other parties.
Rule 12(c), Ala.R.Civ.P., provides:
 "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."
The Department of Agriculture and Industries rested on the complaint and the caselaw cited in support of its motion, and the trial court entered a judgment based on those materials. No evidence outside the pleadings was presented to, or considered *Page 842 
by, the trial court. Therefore, the trial court erred in treating the motion as one for a summary judgment.
However, we will affirm the judgment of the trial court if we find any reason that makes the judgment proper, even one that was not presented to, or considered by, the trial court. SouthernUnited Fire Ins. Co. v. Knight, 736 So.2d 582 (Ala. 1999) (citing, Smith v. Equifax Servs., Inc., 537 So.2d 463 (Ala. 1988)). Under this rule, the judgment could be affirmed if the Department of Agriculture and Industries would have been entitled to a judgment on the pleadings.
"Rule 12(c) allows a party to move for a judgment on the pleadings. When such a motion is made, the trial court reviews the pleadings filed in the case and, if the pleadings show that no genuine issue of material fact is presented, the trial court will enter a judgment for the party entitled to a judgment according to the law." B.K.W. Enters. v. Tractor Equip. Co., 603 So.2d 989,991 (Ala. 1992) (citations omitted). We affirm the judgment of the trial court, for this reason.
Deaton's complaint alleges that it is entitled to a refund for tax paid, pursuant to § 8-17-87, by the "person first selling" certain petroleum products. Deaton argues that the payor of this tax, a tax referred to by the statute as an "inspection fee," passes the tax on to Deaton, and Deaton says it is the consumer. Deaton uses part of the taxed fuel outside the State of Alabama, and thus, Deaton says in Count I, the IFTA creates a basis for a refund and, it says in Count II, the tax violates the Commerce Clause.
From the pleadings, it appears undisputed that Deaton does not directly pay the tax. The tax is paid by "the person first selling," § 8-17-87(b), and is paid for "petroleum products sold, offered for sale, stored, or used in the state." § 8-17-87(a). This is not a direct tax on fuel consumed in a motor vehicle. Generally it is a tax on the storage of the fuel. The IFTA provides a refund for state "fuel use" taxes that apply to fuel sold in a particular State but subsequently used outside that State. The IFTA defines a "fuel use tax" as "a tax imposed on or measured by the consumption of fuel in a motor vehicle." See49 U.S.C.A. § 31701(2). The inspection fee of § 8-17-87 is not measured by the consumption of fuel in a motor vehicle; it is a tax measured against the person first selling, storing, or using the fuel. This is not a "fuel use" tax, as defined by the IFTA. Therefore, Count I does not state a claim upon which relief can be granted.
Next, we consider Deaton's argument that the statute imposing the pump-inspection fee violates the Commerce Clause, U.S. Const. Art. I, § 8, cl. 3. It is undisputed that Deaton is not a "person first selling." The only manner in which Deaton alleges this inspection fee affects it is if the "person first selling" chooses to pass the cost of the fee on to the consumer. That choice is not a choice made by the State. This Court has stated that we "`seek to sustain rather than strike down the enactment of a coordinate branch of the government'" and that we "will not hold an act unconstitutional `unless it is clear beyond reasonable doubt that [the act violates] the [constitution].'"State v. Alabama Mun. Ins. Corp., 730 So.2d 107, 110 (Ala. 1998) (quoting Alabama State Fed'n of Labor v. McAdory, 246 Ala. 1, 9,18 So.2d 810, 815 (1944)). However, if a statute violates a constitutional provision, that fact cannot be ignored. The United States Supreme Court has held that a tax can have an indirect application that violates the Commerce Clause. "The negative or dormant implication of the Commerce Clause prohibits taxation, or regulation, that discriminates against or unduly burdens interstate commerce and thereby `imped[es] free private trade in the national marketplace.'" General Motors Corp. v. Tracy,519 U.S. 278, 287 (1997) (citations omitted). *Page 843 
Deaton has not shown the statute at issue — § 8-17-87, Ala. Code 1975 — to violate the Commerce Clause. This statute includes a limiting clause that prevents the administration of the statute from violating the Commerce Clause, by requiring the Department of Agriculture and Industries to comply with the Interstate Commerce Clause when collecting the tax:
 "Notwithstanding anything to the contrary in this section, no inspection fee or penalty shall be due or payable with respect to petroleum products which are sold, offered for sale, stored or used while they are in interstate or international commerce; but if, after such petroleum products are removed from interstate or international commerce, such petroleum products are sold, offered for sale, stored or used in the state, the fee provided for in this section shall be payable with respect to such petroleum products."
§ 8-17-87(i). Clearly, this section shows that the Legislature intended to avoid a Commerce Clause violation. A plain reading of this self-limiting clause suggests the clause is sufficient to prevent the statute from violating the Commerce Clause. Deaton perhaps could have alleged in its complaint that the Department of Agriculture and Industries was collecting the tax in violation of the Commerce Clause and, thus, that this self-limiting clause was not being complied with. Deaton, however, did not make such an allegation in its complaint. Therefore, Deaton's complaint failed, as a matter of law, to state a ground on which relief could be granted.
AFFIRMED.
HOOPER, C.J., and MADDOX, COOK, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
SEE, J., concurs in the result.
[1] James P. Hayes succeeded H.E. Monroe as commissioner of the Department of Revenue. Rule 43(b), Ala.R.App.P., provides that, when an officeholder leaves office, the successor is automatically substituted as a party.
[2] See Ala. Code 1975, § 8-17-87. Specifically, Deaton complains of that fee set out at § 8-17-87(a)(2).