Rel: September 26, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2025

_____

## CL-2025-0234

_____

## The Board of Trustees of the University of Alabama for its Division, University Hospital

### v.

### Carolyn Todd

### Appeal from Jefferson Circuit Court
### (CV-21-900578)

PER CURIAM.

The Board of Trustees of the University of Alabama for its Division, University Hospital ("UAB Hospital"), appeals from a judgment of the Jefferson Circuit Court ("the trial court") that, among other things, directed the clerk of the trial court to disburse $7,570 of interpleaded

money to Carolyn Todd. Todd had interpleaded the money to cover a hospital lien that UAB Hospital had filed against her for the amount it had charged her for treatment she had received at its facility for injuries she said she had suffered in a fall. The trial court also dismissed Todd's second amended complaint against UAB Hospital in its entirety on the ground that UAB Hospital was entitled to State immunity from the tort claims that Todd had asserted against it. This appeal does not involve the dismissal of the tort claims. For the reasons discussed herein, we reverse the judgment and remand the case to the trial court for further proceedings.

<u>Background</u>

This matter began in February 2021 when Todd commenced in the trial court a personal-injury action against a grocery store where she had fallen in June 2020. In her complaint against the grocery store, Todd alleged that she had incurred an unspecified amount of medical expenses when she was treated for injuries that she said she had suffered in the fall. In October 2020, UAB Hospital filed a hospital lien against Todd in the amount of $7,570, which it asserted were the reasonable and necessary charges arising out of the treatment Todd had received at its

2

facility. UAB Hospital was not named as a party in Todd's original complaint.

On April 1, 2024, after receiving leave of court, Todd filed her first amended complaint adding UAB Hospital as a defendant. In the first amended complaint, Todd averred that she had reached a settlement of $30,000 from the grocery store in the underlying personal-injury action. She claimed that UAB Hospital had a hospital lien in place that attached to her settlement of that action. She sought an interpleader hearing and asked the trial court to determine the reasonableness, relatedness, and necessity of the medical charges secured by the hospital lien. She also asked the trial court to determine whether the lien was valid or, in the alternative, to determine the fair and reasonable amount UAB Hospital was owed for its services and asked permission to interplead the amount of the hospital lien.

Todd also asked the trial court to declare whether, under § 35-11-370, Ala. Code 1975, UAB Hospital was a "person, firm, hospital authority, or corporation" authorized to place liens upon third-party financial recoveries for injuries. Todd also alleged a claim of unjust enrichment and claims asserting violations of her constitutional rights to

equal protection and due process. She also sought to enjoin UAB Hospital from charging her for what she says are unreasonably high medical bills and to compel UAB Hospital to amend or withdraw the lien. On April 8, 2024, the trial court entered an order dismissing the grocery store as a defendant. On May 13, 2024, the UAB formally appeared in the case. On July 3, 2024, again with leave of the trial court, Todd filed a second amended complaint adding numerous tort claims against UAB Hospital and Thomas Elmes, in his official capacity as the manager of patient financial services for UAB Hospital.

On August 12, 2024, UAB Hospital filed a motion to dismiss Todd's second amended complaint in its entirety on the ground that, as an agent of the state, UAB Hospital and its agent, Elmes, were entitled to sovereign immunity, also known as State immunity, under § 14 of the Alabama Constitution of 2022, which provides that "the State of Alabama shall never be made a defendant in any court of law or equity." It also argued that, in his individual capacity, Elmes was entitled to State-agent immunity.

In the motion to dismiss, UAB Hospital observed that the lien was a "net lien" that automatically encumbered any recovery Todd obtained

4

and that only liens for attorney fees would take priority over the hospital lien. It argued that the only claim against it and Elmes that Todd had alleged in the second amended complaint over which the trial court "could possibly obtain jurisdiction" was the claim for interpleader relief, adding: "However, in its current state, the [trial c]ourt does not have jurisdiction and the claim is due to be dismissed as a matter of law." (Emphasis in original.) UAB Hospital explained that Todd had "coupled with her interpleader claim an additional request for the [trial] court to 'determine the reasonableness, relatedness and necessity of the medical treatment'" she had received and to order a reduction in the amount of the hospital lien. That request, UAB hospital said, suggested that Todd was seeking the trial court's review of the hospital lien, which, it said, is authorized under § 35-11-373, Ala. Code 1975.

However, citing Roberts v. University of Alabama Hospital, 27 So. 3d 512, 514 n.1 (Ala. Civ. App. 2008), and Board of Trustees of University of Alabama v. Richards, 405 So. 3d 267 (Ala. Civ. App. 2024), UAB Hospital argued in the motion that, for the trial court to obtain jurisdiction over the claim for interpleader relief, three things had to occur: (1) the settlement money had to be interpleaded with the trial

5

court, (2) UAB Hospital had to be added as a party to the action, and (3) the judgment determining the amount of the lien must be entered after the settlement and dismissal of the underlying tort claims. Because Todd had not yet interpleaded the settlement money into the trial court, UAB Hospital argued, the trial court lacked custody, control, and supervision of that money and thus had not obtained subject-matter jurisdiction, that is, it had not yet obtained in rem jurisdiction over the settlement money. Therefore, UAB Hospital concluded, the claim for interpleader relief was due to be dismissed as a matter of law.

In response to the motion to dismiss, Todd argued that the contested settlement money had been held in trust by her attorneys and that she had "already offered the contested funds for deposit." She asserted that, under Rule 22(b), Ala. R. Civ. P., which governs interpleader procedure, depositing money with the clerk of the court is permissive rather than mandatory and that, therefore, the trial court had subject-matter jurisdiction over the claim for interpleader relief. She further asserted that, out of an abundance of caution, on September 12, 2024, she had filed a motion to interplead the full amount of the hospital lien -- $7,570 -- which was pending. On September 13, 2024, the trial

6

court granted Todd's motion to deposit the money; however, it does not appear that Todd filed anything in the trial court giving notice of that deposit.

On November 12, 2024, UAB Hospital filed a supplemental brief in support of its motion to dismiss, in which, among other things, it noted that Todd had interpleaded the amount of the hospital lien and clarified its position that Todd's second amended complaint was due to be dismissed with the exception of the claim for interpleader relief.

The case-action-summary sheet indicates that, on February 20, 2025, the trial court held a virtual hearing and status conference.[1]  A transcript of the hearing is not included in the record on appeal; however, it is undisputed that the trial court did not take any evidence.  That same day, the trial court entered a judgment dismissing the second amended complaint in its entirety -- including the claim for interpleader relief.  In the judgment, the trial court wrote that, during the February 20 hearing, UAB Hospital had conceded that the trial court had in rem jurisdiction

---

[1]We note that, in its brief, UAB Hospital advises that the trial court heard oral arguments on its motion to dismiss on November 5, 2024.  The case-action-summary sheet does not indicate that a hearing was held on that date; instead, it indicates that a virtual hearing was held on February 20, 2025.

over the money that Todd had deposited with the trial court on September 23, 2024. The trial court found the following regarding the interpleaded money:

> "This Court retains in rem jurisdiction of the $7,570 currently held by the Clerk of this Court. Count I of the Plaintiff's Second Amended Complaint [the claim for interpleader relief] remains pending in all respects against [UAB Hospital]. This Court retains jurisdiction as conferred by The Hospital Lien Statute, Ala. Code [1975, §] 35-11-370 et seq., to fully determine how said funds are to be disbursed and thereby resolve all claims with respect to the hospital lien filed by [UAB Hospital] and the settlement funds held by the Clerk of Court. Accordingly, said funds in the amount of $7,570 shall be disbursed to [Todd] effective immediately."

The trial court dismissed the remainder of the second amended complaint on the basis that UAB Hospital was entitled to State immunity.

On February 24, 2025, UAB Hospital filed a "motion to reconsider order for payment and motion for status conference." In that motion, UAB Hospital asserted that the trial court had not yet taken evidence regarding "the reasonableness and relatedness of" the hospital lien and pointing out that nothing in the record justified the complete denial of the lien, which, it said, was the effect of ordering the disbursement of the interpleaded money to Todd. UAB Hospital asked the trial court to vacate that portion of the judgment directing that the interpleaded

8

money be disbursed to Todd and to schedule a hearing on the issue of the reasonableness and relatedness of the lien. On February 24, 2025, the trial court amended the judgment to award Todd the interpleaded money, plus interest. The trial court did not rule on UAB Hospital's "motion to reconsider"; therefore, that motion was deemed denied by operation of law. See Rule 59.1, Ala. R. Civ. P. UAB Hospital timely appealed to this court.

## Analysis

Before proceeding to the merits, first we must decide whether the trial court had jurisdiction to enter the judgment disbursing the interpleaded money to Todd. Section 35-11-373 confers jurisdiction upon a court to determine any matter relating to a hospital lien, including the disbursement of the interpleaded funds, when the claim upon which the lien has attached is before the court and the claim "has been reduced to judgment." In Roberts v. University of Alabama Hospital, supra, this court determined that a court overseeing a personal-injury action may exercise jurisdiction over a dispute concerning a hospital lien when the personal-injury claim to which the lien had attached had been settled and dismissed, the settlement funds in dispute had been interpleaded, and

9

the hospital had been added as a party. In this case, the trial court had jurisdiction over the tort claims against the grocery store, to which the hospital lien had attached. Before the trial court adjudicated the dispute over the hospital lien, Todd added UAB Hospital as a party by serving it with the first amended complaint. The trial court entered a judgment dismissing the grocery store as a defendant, and Todd interpleaded the funds. Thus, the trial court had jurisdiction over the dispute regarding the hospital lien when it entered its judgment.

Turning now to the merits of the appeal, UAB Hospital contends that the trial court erred in sua sponte awarding all interpleaded money to Todd without explanation or without evidence to support that award. Todd asserts that the trial court's judgment is essentially a judgment on the pleadings. Although, in its opening brief, UAB Hospital notes that Todd did not file a motion for a judgment on the pleadings or argue that she was entitled to such a judgment, it contends that, even if she had, such a judgment would be improper under the circumstances. In its reply brief, UAB Hospital expands on its argument that, even if the judgment is treated as a judgment on the pleadings, the trial court erred in entering it.

Rule 12(c), Ala. R. Civ. P., provides:

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, [Ala. R. Civ. P.,] and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

In <u>Medlock v. Safeway Insurance Co. of Alabama</u>, 15 So. 3d 501, 507 (Ala. 2009), our supreme court observed that a sua sponte judgment on the pleadings is unusual.  In <u>Lary v. Flasch Business Consulting</u>, 909 So. 2d 194, 197 n.3 (Ala. Civ. App. 2005), this court wrote:

"Although Rule 12(c), Ala. R. Civ. P., envisions the filing of a motion for judgment on the pleadings by one of the parties to an action, caselaw and commentary addressing the analogous Rule 12(c), Fed. R. Civ. P., indicate[] that a trial court may properly enter a judgment on the pleadings sua sponte in a particular case 'if it is clear that one side is assured of victory as a matter of law <u>and there is no material factual dispute.</u>' 5C Charles A. Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1367 & n.25 (3d ed. 2004) (citing <u>Flora v. Home Fed. Sav. & Loan Ass'n</u>, 685 F.2d 209 (7th Cir. 1982), <u>Vickery v. Jones</u>, 878 F.Supp. 1179 (S.D. Ill. 1995), aff'd, 100 F.3d 1334 (7th Cir. 1996), and <u>Bajenski v. Chivatero</u>, 818 F.Supp. 1083 (N.D. Ohio 1993))."

(Emphasis added.)

11

When the trial court entered the judgment in this case, it did not have before it a motion for a judgment on the pleadings or a motion for a summary judgment, and it is undisputed that it had no evidence before it, whether documentary or testimonial. In other words, the trial court had only the pleadings to consider when it entered the judgment. Therefore, we will treat the trial court's judgment as having been entered pursuant to the provisions of Rule 12(c), governing judgments on the pleadings in a case. See Deaton, Inc. v. Monroe, 762 So. 2d 840, 841-42 (Ala. 2000); Medlock, 15 So. 3d at 507.

"A Rule 12(c) motion for judgment on the pleadings disposes of a case when the material facts are not in dispute." McCullough v. Alabama By-Prods. Corp., 343 So. 2d 508, 510 (Ala. 1977). In considering a motion for a judgment on the pleadings, "the trial court reviews the pleadings filed in the case and, if the pleadings show that no genuine issue of material fact is presented, the trial court will enter a judgment for the party entitled to a judgment according to the law." B.K.W. Enters., Inc. v. Tractor & Equip. Co., 603 So. 2d 989, 991 (Ala. 1992). The trial court cannot enter a judgment on the pleadings if the pleadings demonstrate the existence of a genuine issue of material fact. Universal Underwriters

12

Ins. Co. v. Thompson, 776 So. 2d 81, 85 (Ala. 2000). A judgment on the pleadings is subject to a de novo review. Harden v. Ritter, 710 So. 2d 1254, 1255 (Ala. Civ. App. 1997).

As UAB Hospital explains in its brief, § 35-11-370 ("the hospital-lien statute") provides for an automatic hospital lien on tort and insurance recoveries as to "'all reasonable charges for hospital care, treatment and maintenance of an injured person.'" Roberts, 27 So. 3d at 514; see also Ex parte University of S. Alabama, 761 So. 2d 240, 244 (Ala. 1999). Whether a hospital is entitled under the hospital-lien statute to a lien for all the unpaid charges for which it has billed the patient may properly be deemed a "mixed question" of law and fact. Roberts, 27 So. 3d at 514-15. Additionally, our supreme court has recognized that the hospital-lien statute is to be construed broadly so as not to defeat a just hospital claim. Guin v. Carraway Methodist Med. Ctr., 583 So. 2d 1317, 1319 (Ala. 1991).

It is undisputed that, after her fall in the grocery store, Todd sought treatment at UAB Hospital's facility for the injuries she received in that fall. In her claim for interpleader relief contained in the second amended complaint, Todd asked the trial court to determine the reasonable and

necessary amount UAB Hospital could charge for that treatment; in other words, she challenged whether UAB Hospital was entitled to recover the entire $7,570 that was secured by the hospital lien. No evidence is contained in the record to dispute the reasonableness or necessity of that amount.

The pleadings also indicate that Todd settled the underlying personal-injury case she had against the grocery store for $30,000, which was sufficient to cover the hospital lien. Because the record contains no evidence from which the trial court could have determined that UAB Hospital was not entitled to recover the entire amount of the lien, it erred in ordering trial-court clerk to disburse the interpleaded money to Todd.

In her appellate brief, Todd makes numerous arguments in support of the judgment. She contends that UAB Hospital waived its right to present evidence to the trial court on the issue of the reasonableness and necessity of the amount it charged Todd for her treatment. The record does not support that contention, however. Nothing in the record indicates that the hearing on the motion to dismiss, which, according to the case-action-summary sheet was conducted virtually, was intended to be an evidentiary hearing. After reviewing the record, it does not appear

14

that UAB Hospital had an opportunity to present evidence regarding the reasonableness and necessity of the charges secured by the hospital lien. By the same token, Todd did not have an opportunity to present evidence challenging the reasonableness and necessity of those charges. Therefore, when the trial court entered its judgment disbursing the interpleaded money to Todd, it did so without having any evidence to support its decision, and the portion of the judgment releasing the interpleaded money to Todd cannot stand.

Todd also argues that, under Rule 12(c) and its jurisdiction under § 35-11-373, the trial court had the authority to enter the judgment awarding Todd the interpleaded money and to determine how to disburse the interpleaded money. She argues that the judgment was "procedurally supported and respected due process, even without evidence." Todd's brief, p. 15. It is well settled that procedural due process requires "a fair proceeding including an impartial hearing before a legally constituted court; an opportunity to present evidence and arguments; information regarding the claims of the opposing party; a reasonable opportunity to controvert the opposition's claims; and

15

representation by counsel if it is desired." Crews v. Houston Cnty. Dep't of Pensions & Sec., 358 So. 2d 451, 455 (Ala. Civ. App. 1978).

There is no question that, when the trial court entered the judgment, it had the authority and the jurisdiction to consider the issue of the propriety of the hospital lien and to enter an appropriate judgment. However, merely having the authority and jurisdiction to enter a judgment does not relieve the trial court of its responsibility to heed the requirements of due process. Todd cites no authority for the proposition that the trial court had unfettered discretion to determine how much, if anything, UAB Hospital was entitled to for the treatment Todd had received at its facility.

Neither UAB Hospital nor Todd had the opportunity to present evidence to support or to challenge the amount of the hospital lien -- that is, whether the amount UAB Hospital charged for the treatment Todd received at its facility was reasonable and necessary -- before the trial court decided the matter and awarded Todd all the interpleaded money. The trial court, without any evidence, necessarily determined that UAB Hospital was not entitled to recover any of the amount it charged for the treatment Todd had received at its facility. In doing so, the trial court

thwarted the purpose of the hospital lien, and it denied UAB Hospital its right to due process. If, under the same circumstances, the trial court had awarded UAB Hospital the entire amount of the interpleaded money without allowing Todd an opportunity to present evidence challenging that amount, the result would be the same. Todd's defense of the judgment on this ground is without merit.

Todd also contends that it would be fundamentally unfair for UAB Hospital to have all the claims against it dismissed and still attempt to enforce the hospital lien. Specifically, Todd argues, once the trial court determined that UAB Hospital was entitled to State immunity and dismissed the claims she had asserted against it in the second amended complaint, UAB Hospital could not avoid the ramifications of that ruling. In other words, she argues, it cannot now seek to enforce the hospital lien without affording Todd an opportunity to have the hospital lien judicially reviewed because the claim seeking that review has been dismissed.

Todd's argument misrepresents the context in which UAB Hospital sought the dismissal of the interpleader claim. When it initially sought to have the second amended complaint dismissed, UAB Hospital made clear that the reason the interpleader claim was due to be dismissed was

17

because Todd had failed to interplead into court the amount of the hospital lien she challenged, as required by Roberts to invoke the jurisdiction of the court over the hospital lien pursuant to § 35-11-373. After Todd interpleaded the disputed funds, UAB Hospital withdrew its motion to dismiss the interpleader claim. The trial court did not dismiss that claim, which specifically requested judicial review of the hospital lien before disbursement of the interpleaded money. We therefore reject the premise of Todd's argument.

Todd also contends that UAB Hospital cannot operate as a state agency and as a corporate entity at the same time, and, therefore, she says, it could not have been an "authorized statutory hospital lienholder under [the hospital-lien statute]," which allows "[a]ny person, firm, hospital authority, or corporation operating a hospital in this state" to obtain a hospital lien. The court may affirm a judgment on any valid legal ground. See Liberty Nat'l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So. 2d 1013, 1020 (Ala. 2003) (holding that, subject to due-process constraints, appellate courts "will affirm the trial court on any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the

trial court"). However, we find no legal basis for removing UAB Hospital from the protection of the hospital-lien-statute on the ground that it is a state agency and a corporate entity. UAB Hospital is clearly within the scope of the phrase " '[a]ny person, firm, hospital authority, or corporation operating a hospital in this state,' " which, we note, must be construed in favor of preserving the lien. See Guin, 583 So. 2d at 1319 (quoting § 35-11-370).

Finally, Todd contends that UAB Hospital argued for the first time in its postjudgment motion that, to decide the merits of Todd's request for judicial review of the lien as set forth in her interpleader claim, the trial court needed to take evidence outside the pleadings. In the same sentence, Todd also contends that UAB Hospital makes no argument to show that outside evidence must be considered.

The pleadings indicate that, when the trial court entered the judgment dismissing all the claims in the second amended complaint and ordering the disbursal of the interpleaded money to Todd, UAB Hospital had essentially withdrawn its request to have Todd's interpleader claim dismissed. UAB Hospital had no reason to believe that, when the trial court entered a judgment dismissing all the claims, it would also award

19

the interpleaded money to Todd. It follows, then, that the first time UAB could challenge the trial court's decision to award the interpleaded money to Todd would be in a postjudgment motion.

Moreover, to determine whether the amount of the hospital lien was reasonable and necessary, the trial court would necessarily have to consider information outside the pleadings, which would necessarily require the consideration of evidence, whether presented in conjunction with a motion for a summary judgment or during a trial. We have already rejected the other reasons Todd says support the judgment; therefore, the only remaining reason the trial court could have denied UAB Hospital at least a portion of the interpleaded money would be because it had determined the cost of Todd's treatment was unreasonable, unrelated, or unnecessary, and that could not be done without evidence. Consequently, we find that this issue also fails to provide a basis for affirming the judgment.

<u>Conclusion</u>

Reviewing the trial court's judgment on the pleadings de novo, as we must, we conclude that there remains a factual dispute, unresolved by the pleadings themselves, concerning the reasonableness, relatedness,

and necessity of the amount of the charges secured by the hospital lien.

Therefore, the trial court's judgment is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

All the judges concur.