[1] Although the notice of appeal in this case names "Ritter Construction Co., Inc." as an additional appellee, the record reveals that this entity was never made a party in the trial court.
Christine Harden appeals from a judgment entered by the Lauderdale County Circuit Court on the pleadings filed in her civil action against Mary Ritter. We affirm in part, reverse in part, and remand.
Harden filed a complaint in the trial court alleging that Harden and Ritter had entered into a contract for the construction of a residential dwelling, but that Ritter had breached the contract by providing defective materials and poor workmanship in the construction of the dwelling. While Count I of Harden's complaint sought damages based upon a general breach of contract theory, Count II claimed that Ritter's conduct violated Ala. Code 1975, § 7-2-314, a portion of the Uniform Commercial Code as codified in this state. Ritter answered the complaint, asserting various affirmative defenses and denying that she had entered into a contract *Page 1255 
for the construction of a dwelling; however, she contended that the parties had instead entered into an agreement whereby Harden would have an option to purchase certain real property from Ritter.
Subsequently, Ritter moved for a judgment on the pleadings, attaching her affidavit in which she averred that she had entered into an option contract with Harden. She also attached a copy of a document labeled "Option to Purchase Real Property." Ritter's motion contended that this option to purchase was the only contract between the parties and that "[a] clear reading of the document shows that [Ritter] breached none of the terms of the Option agreement and this Count is due to be dismissed." With respect to Count II, Ritter contended that Ala. Code 1975, § 7-2-314 does not apply to the sale of a residence because a house is not within the definition of "goods" under the Uniform Commercial Code.
After this motion was filed, the trial court entered a judgment on the pleadings in favor of Ritter. In its judgment, the trial court noted that Ritter had moved to strike her affidavit after filing the motion for judgment on the pleadings; it ruled that "[a]fter excluding the affidavit and upon hearing and reviewing said Motion, the Court is of the opinion that [Ritter's] motion is due to be GRANTED and said case is hereby DISMISSED."
With respect to the standard of review, Ritter's introduction of material outside the pleadings in support of her motion for judgment on the pleadings raises the question whether the judgment entered by the trial court is truly a judgment on the pleadings or is actually a summary judgment. Rule 12(c), Ala.R.Civ.P., provides as follows:
 "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."
(Emphasis added.)
This provision sets forth a procedure analogous to the conversion of motions to dismiss under Rule 12(b)(6) to summary judgment motions. See 5A Charles A. Wright Arthur R. Miller,Federal Practice Procedure, § 1371, at 541-43 (2d ed. 1990). With respect to both motions to dismiss and motions for judgment on the pleadings, the trial court is vested with discretion to choose whether to consider materials outside the pleadings submitted in support of those motions. Id. § 1366, at 491 ("The court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion."); § 1371, at 543 ("It is within the court's discretion whether to accept extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment."); see also HomartDev. Co. v. Sigman, 868 F.2d 1556, 1561 (11th Cir. 1989) ("Merely because the judge peruses the material tendered does not automatically convert a Rule 12(c) motion into a Rule 56 motion."). In this instance, although the affidavit attached to Ritter's motion was necessarily presented to the trial court, it was excluded by the court, and the motion was therefore not converted to a summary judgment motion.
We thus apply the standard of review applicable to a judgment entered on the pleadings pursuant to a motion filed under Rule 12(c), Ala.R.Civ.P. "A Rule 12(c) motion for judgment on the pleadings disposes of a case when the material facts are not in dispute." McCullough v. Alabama By-Prods. Corp., 343 So.2d 508,510 (Ala. 1977). "When such a motion is made, the trial court reviews the pleadings filed in the case and, if the pleadings show that no genuine issue of material fact is presented, the trial court will enter a judgment for the party entitled to a judgment according to the law." B.K.W. Enterprises, Inc. v.Tractor Equip. Co., 603 So.2d 989, 991 (Ala. 1992). Moreover, a judgment on the pleadings is subject to de novo review, and the facts in the complaint are to be accepted as true and are to be viewed in *Page 1256 
the light most favorable to the nonmoving party. See Ortega v.Christian, 85 F.3d 1521, 1524-25 (11th Cir. 1996).
We note that Count I of Harden's complaint alleges that the contract between Ritter and Harden was for the construction ofa residential dwelling, with Ritter to receive $45,000 in consideration for construction of a dwelling for Harden. Harden further avers that Ritter breached this contract by providing defective materials and poor quality workmanship, including a defective or improperly installed heating system, carpet, bathroom tile and window, and interior doors and plumbing, as well as an uncompleted front porch and walls. These allegations state a cause of action for breach of the implied warranty of habitability with respect to new homes that both this court and the Alabama Supreme Court have recognized as a matter of Alabama common law. See Cochran v. Keeton, 47 Ala. App. 194,199-200, 252 So.2d 307, 312 (Civ. App. 1970), aff'd, 287 Ala. 439, 252 So.2d 313 (1971). While Ritter's answer denies these matters, and states that the parties' contract was in the nature of an option to purchase real property, her answer cannot alone operate to negate the existence of a genuine issue of material fact concerning the nature of the parties' contract and whether that contract was breached.
The facts of this case are analogous to those considered by the Alabama Supreme Court in B.K.W. Enterprises, supra,603 So.2d 989. In B.K.W. Enterprises, the plaintiff's complaint contained a count seeking damages for breach of contract; that count alleged that the defendant's misrepresentations and breaches with respect to a heavy equipment lease-purchase agreement prevented the plaintiff from exercising its option to purchase the equipment. The defendant's answer denied that the parties' contract contained an option to purchase and denied having made any promises or representations to the plaintiff. The B.K.W. Enterprises court reversed a judgment on the pleadings for the defendant on this count, ruling that "[t]hese factual disputes within the pleadings require a reversal of the trial court's judgment on the pleadings on the contract count." 603 So.2d at 991. Based upon the wide disparity between the factual averments of the parties' pleadings in this case, we reach the same conclusion as the B.K.W. Enterprises court, and conclude that the judgment on the pleadings was erroneously entered as to Count I.
However, Ritter's motion for judgment on the pleadings was well taken as to Count II of Harden's complaint. In Count II, Harden contends that Ritter's alleged failure to use materials and supply workmanship of adequate and sufficient quality in the construction of Harden's residence constituted a violation of Ala. Code 1975, § 7-2-314. This Code section, a portion of Article 2 of the Uniform Commercial Code as enacted in Alabama, generally provides that a warranty of merchantability is implied in a contract for the sale of goods. The UCC defines "goods" to mean "all things . . . which are movable at the time of their identification to the contract for sale." Ala. Code 1975, § 7-2-105(1). This definition "is not intended to deal with things that are not fairly identifiable as movable before the contract is performed." Id., Official Comment. The dwelling to be constructed under the contract as envisioned by Harden's complaint is not "fairly identifiable as movable" such that it could be considered within the definition of "goods" under the UCC. Accord, Richards v. Powercraft Homes, Inc., 139 Ariz. 242,244 n. 1, 678 P.2d 427, 429 n. 1 (Ariz. 1984) (holding that sales of realty, and structures affixed thereto, are not within the purview of the definition of the sale of "goods" under UCC Article 2); Ferguson v. Alfred Schroeder Dev. Co.,658 S.W.2d 62, 64 (Mo.Ct.App. 1983) (sale of a new but latently defective house and lot by the builder-vendor to the original occupants falls outside Article 2); G-W-L, Inc. v. Robichaux,643 S.W.2d 392, 394 (Tex. 1982) ("The provisions of [UCC Article 2] are not applicable to the construction and sale of a house."),overruled on other grounds in Melody Home Mfg. Co. v. Barnes,741 S.W.2d 349 (Tex. 1987).[2] Thus, Count II of Harden's complaint *Page 1257 
failed to state a valid claim under Ala. Code 1975, § 7-2-314, and the judgment on the pleadings as to this claim was correctly entered.
Based upon the foregoing facts and authorities, we affirm the judgment on the pleadings as to Count II of Harden's complaint. We reverse the judgment as to Count I of Harden's complaint, and remand the cause for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.
[2] There is authority in Alabama law for the proposition that Article 2 applies to the sale of prefabricated buildings. SeeClark v. Jim Walter Homes, Inc., 719 F. Supp. 1037, 1041
(M.D. Ala. 1989) (citing Gulf Coast Fabricators, Inc. v. Mosley,439 So.2d 36 (Ala. 1983)). However, Harden has not contended that the home in question was a prefabricated building.