The plaintiff, Universal Underwriters Insurance Company ("Universal"), appeals from a judgment on the pleadings entered in favor of the defendant, Robert Thompson. We hold that the trial court erred in entering the judgment on the pleadings because the pleadings show that there are genuine issues of material fact. Therefore, we reverse and remand.
 I.
The following facts are undisputed. On July 27, 1998, Thompson was an employee of Woody Anderson Ford, Inc. While working in the line and scope of his employment with Woody Anderson Ford, Thompson was injured while he was repairing the engine of an automobile owned by Woody Anderson Ford. The engine backfired, burning Thompson. Thompson recovered workers' compensation benefits as a result of the accident.
Subsequently, Thompson made a demand for uninsured-motorist insurance benefits, under Woody Anderson Ford's garage-liability policy; the automobile on which Thompson was working was uninsured. Universal, the issuer of Woody Anderson Ford's garage-liability policy, filed a declaratory-judgment action against Thompson, asking for a judgment declaring that, under the policy, it did not owe him uninsured-motorist coverage. Universal attached a copy of the policy as part of the complaint. Thompson moved for a judgment on the pleadings. Universal opposed his motion, arguing, among other things, that the motion was premature because there had been no discovery and genuine issues of material fact precluded the entry of a judgment on the pleadings. Universal presented the affidavit of C.W. "Woody" Anderson, the president of Woody Anderson Ford, Inc., which states, in pertinent part:
 "It was our intent and we have so designated this in the elective options form . . . dated June 18, 1997 to have certain designated individuals covered under the underinsured motorist protection coverages offered under the terms of the policy. It was not our intent to cover all of the employees of Woody Anderson Ford, Inc., but only those designated individuals in the elective options form."
The trial court granted Thompson's motion. In its order, the trial court stated only, "No rejection having been instituted on the elective options form, the statutory minimum coverage applies to Robert Thompson." Universal appeals from that order.
 II.
Rule 12(c), Ala.R.Civ.P., provides,
 "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."
When a motion for judgment on the pleadings is made by a party, "the trial court reviews the pleadings filed in the case and, if the pleadings show that no genuine issue of material fact is presented, the trial court will enter a judgment for the party entitled to a judgment according to the law." B.K.W. Enters.,Inc. v. Tractor Equip. Co., 603 So.2d 989, 991 (Ala. 1992). See also Deaton, Inc. v. Monroe, 762 So.2d 840 (Ala. 2000). A judgment on the pleadings is subject to a de novo review.Harden v. Ritter, 710 So.2d 1254, 1255 (Ala.Civ.App. 1997). A court reviewing a judgment on the pleadings accepts the facts stated in the complaint as true and views them in the light most favorable to the nonmoving party. Id. at 1255-56. If matters outside the pleadings are presented to and considered by the trial court, then the *Page 83 
motion for a judgment on the pleadings must be treated as a motion for a summary judgment. See Rule 12(c), Ala.R.Civ.P. Otherwise, in deciding a motion for a judgment on the pleadings, the trial court is bound by the pleadings. See Stockman v. Echlin, Inc.,604 So.2d 393, 394 (Ala. 1992).
The trial court's consideration of the garage-liability policy did not require conversion of Thompson's motion for a judgment on the pleadings into a motion for a summary judgment, because the policy was made part of the complaint and because Thompson admitted the genuineness of the policy in his answer. See Wilson v. First Union Nat'l Bank of Georgia, 716 So.2d 722,726 (Ala.Civ.App. 1998) (holding that the trial court's consideration of documents attached to the complaint, whose identity and authenticity were not in dispute, did not require conversion of a motion to dismiss into a motion for summary judgment). Likewise, the affidavit of Anderson did not require conversion of the motion for a judgment on the pleadings into a motion for a summary judgment, because the record is silent as to whether the trial court considered that affidavit. See Stockman, 604 So.2d at 394. The trial court, in its order, did not indicate whether it considered Anderson's affidavit, and the record on appeal contains no transcript of the hearing on Thompson's motion. Because the record gives no indication that the trial court considered matters outside the pleadings, we treat the motion as a motion for a judgment on the pleadings. Accordingly, we look only to the pleadings in determining whether the trial court erred in granting Thompson's motion.
 III.
Section 32-7-23, Ala. Code, 1975, provides:
 "(a) No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of Section 32-7-6, under provisions approved by the Commissioner of Insurance for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer."
(Emphasis added.) This Court has construed this statute as requiring "[u]ninsured protection . . . in all automobile liability policies unless rejected" by the named insured. State Farm Mut.Auto. Ins. Co. v. Martin, 292 Ala. 103, 105, 289 So.2d 606, 608
(1974). To be legally effective, the named insured's rejection must be in writing. See Insurance Co. of North Am. v. Thomas,337 So.2d 365, 369 (Ala.Civ.App. 1976). Whether the named insured has rejected uninsured-motorist coverage is a question of fact. See Martin, 292 Ala. at 105, 289 So.2d at 607-08.
The garage-liability policy issued by Universal to Woody Anderson Ford lists as named insureds the following: Woody Anderson Ford, Inc.; Charles W. Anderson; the Woody Anderson Ford, Inc., 401(k) plan; and C.W. Anderson and Cathy Anderson. Included as part of the policy is an "Elective Options Form." That form provides in pertinent part, *Page 84 
 "You have a right to buy U.M [uninsured-motorist] and U.I. [underinsured-motorist] Coverages with limits up to the auto liability limits of your Unicover Policy. You may also reject the coverage or retain it with the minimum limits stated in your state's Financial Responsibility Law. There is an additional premium charged for the coverages.
 "The following options are available. Please indicate your elections below, sign the form and return to us."
Beneath this last paragraph, certain types of coverages are listed on separate lines: "GARAGE"; "BASIC AUTO"; "AUTO LESSORS LIABILITY"; "DAILY RENTAL"; and "DESIGNATED INDIVIDUALS." To the right of each of these lines, the form provides boxes to indicate rejection of uninsured-and underinsured-motorist coverage. The boxes appear in a column beneath the heading, "ALL COVERAGE IS REJECTED." None of the boxes on the form is marked. On blank lines underneath "DESIGNATED INDIVIDUALS" the following names are written: C.W. Anderson and Cathy Anderson, and Keith Harris and Cecilia Harris; and to the right of these names on a blank line beneath the heading "OTHER LIMITS (NOT TO EXCEED POLICY LIMITS)" the amount "500,000" is written. The form is signed by C.W. "Woody" Anderson, as president of Woody Anderson Ford.
Universal claims that Woody Anderson Ford rejected uninsured motorist coverage on the form, except for those designated individuals for whom it requested uninsured-motorist coverage above the statutory minimum coverage. On the other hand, Thompson claims that Woody Anderson Ford failed to reject uninsured-motorist coverage provided by Universal's policy because none of the boxes were marked, and, thus, Thompson contends, the uninsured-motorist coverage applies to him as an employee of Woody Anderson Ford.
The rules governing the construction of terms in a contract are well established.
 "It is well settled under Alabama law that the words of a contract are to be given their ordinary meaning and that the intention of the parties is to be derived, if possible, from the provisions of the contract itself. Food Service Distribs., Inc. v. Barber, 429 So.2d 1025, 1028 (Ala. 1983) (citing Sisco v. Empiregas, Inc. of Belle Mina, 286 Ala. 72, 237 So.2d 463 (1970)). Where a contract, by its terms, is plain and free from ambiguity, there is no room for construction and the contract must be enforced as written. Ex parte Conference America, Inc., 713 So.2d 953, 956 (Ala. 1998); Ex parte South Carolina Ins. Co., 683 So.2d 987, 989
(Ala. 1996). However, `[w]hen any aspect of a contract is capable of more than one meaning, it is ambiguous.' Voyager Life Ins. Co. v. Whitson, 703 So.2d 944, 948 (Ala. 1997). See also Curry v. Curry, 716 So.2d 707 (Ala.Civ.App. 1998). Whether a contract is ambiguous is a question of law for the trial court, and the court's ruling on that question carries no presumption of correctness on appeal. General Aviation, Inc. v. Aerial Services, Inc., 700 So.2d 1385
(Ala.Civ.App. 1997). When the terms of a contract are ambiguous in any respect, the true meaning of the contract becomes a question for the fact-finder. Mooney v. Henderson Walton Women's Center-East, Inc., 684 So.2d 1340
(Ala.Civ.App. 1996). `If one must go beyond the four corners of the agreement in construing an ambiguous agreement, the surrounding circumstances, including the practical construction put on the language of the agreement by the parties to the agreement, are controlling in resolving the ambiguity.' Voyager Life Ins. Co., 703 So.2d at 948."
BoWing Office Sys., Inc. v. Johnson, 744 So.2d 915, 918
(Ala.Civ.App. 1999). After examining the "Elective Options Form," as completed, we conclude that it is ambiguous because it can be reasonably construed two different ways: it could mean that Woody Anderson Ford rejected uninsured-motorist *Page 85 
coverage except for the individuals specified, or it could mean that Woody Anderson Ford did not reject uninsured-motorist coverage but increased the amount of coverage for the specified individuals. Because the form is ambiguous, coverage is a question of fact. Accordingly, based on the pleadings, and accepting the facts stated in the complaint as true and viewing them in the light most favorable to Universal, we find a genuine issue of material fact as to whether Woody Anderson Ford, the named insured under Universal's policy, rejected uninsured-motorist coverage.
The trial court cannot enter a judgment on the pleadings if the pleadings show a genuine issue of material fact. See B.K.W.Enters., 603 So.2d at 991. Therefore, the trial court erred in entering a judgment on the pleadings. We reverse that judgment and remand the case for further proceedings consistent with this opinion.[1]
REVERSED AND REMANDED.
Maddox, Cook, Lyons, Brown, Johnstone, and England, JJ., concur.
Hooper, C.J., and Houston, J., concur in the result.
[1] We do not decide the appropriateness of a motion for summary judgment. Moreover, we do not address whether Thompson's recovery of uninsured-motorist benefits from his employer's insurer is barred by the exclusivity provisions of Ala. Code 1975, § 25-5-11. That argument was not raised below and cannot be raised for the first time on appeal. See Smith v. Equifax Servs., Inc.,537 So.2d 463, 465 (Ala. 1988) ("this Court will not reverse the trial court's judgment on a ground raised for the first time on appeal").