MURDOCK, Justice.
Myron Timothy Yarbrough appeals from a judgment entered against him by the Shelby Circuit Court in his action alleging legal malpractice against Steven D. Ever-sole, Richard C. Perry, Jr., and Eversole Law, LLC (“the firm”). We affirm in part, reverse in part, and remand.
I. Facts
In 2006, Yarbrough was convicted of one count of rape in the first degree and two counts of sodomy in the first degree. The trial court sentenced him to life imprisonment for each conviction and ordered that the sentences were to run concurrently. Yarbrough appealed to the Court of Criminal Appeals, which affirmed his convictions and sentences in an unpublished memorandum on February 16, 2007.
At the time of the events giving rise to Yarbrough’s cause of action, the firm employed both Eversole and Perry. In March 2012, Yarbrough retained the firm to explore the possibility of filing a Rule 32, Ala. R. Crim. P., petition on Yarbrough’s behalf. In his complaint, Yarbrough alleges that Eversole and Perry represented to Yarbrough that “there was a basis in fact and law to file a Rule 32 petition.” Yar-brough asserts, however, that the two attorneys “knew that there was no ‘newly discovered’ evidence as defined by Alabama case law and that the statute of limitations would be a complete bar to all claims of newly discovered evidence and for the claim of ineffective assistance of trial counsel and appellate counsel.” Yar-brough alleges that he believed the attorneys’ representations and that, on that basis, he paid the firm $10,000 to file a Rule 32 petition on his behalf.
On December 12, 2012, Eversole and Perry filed a Rule 32 petition on Yar-brough’s behalf in the St. Clair Circuit Court in which they alleged the existence of newly discovered evidence and ineffective assistance of trial and appellate counsel. On January 16, 2013, the State filed an answer to the petition in which it asserted that Yarbrough’s claims were time-barred under Alabama law. According to Yar-brough, on March 6, 2013, the St. Clair Circuit Court denied the Rule 32 petition, concluding that the claims were time-barred.
Yarbrough states that oh July 2, 2013, more than 42 days after his petition had been denied, the firm filed a notice of appeal from the denial of his Rule 32 petition. The Court of Criminal Appeals sent notices to Eversole and Perry informing *1194 them that the appeal was Untimely and requesting an explanation, but,- according to Yarbrough, Eversole and Perry failed to provide one, and the appeal was dismissed on August 5, 2013. .
Yarbrough alleges that Eversole and Perry never informed him that the reason his appeal had been dismissed was that it was not timely filed. He states in his complaint that they represented to him that “for an additional $15,000.00 they cóuld'flle other legal proceedings in order to have [Yarbrough’s] appeal reinstated.” Yar-brough alleges that Eversole and Perry knew those representations.were false and knew that, in fact, another appellate filing at that point would be fruitless, Yarbrough asserts that he believed the attorneys’ representations and that he paid the firm $15,000 for additional appellate work related to his Rule 32 petition. Yarbrough states that the firm then filed a petition for a writ of ■ mandamus with. the Court of Criminal Appeals on his behalf.. The Court of Criminal Appeals summarily denied the petition without an opinion on November 1, 2013. Finally, in November 2013, the firm also filed a motion for an out-of-time appeal- in the St. Clair Circuit Court, which, Yarbrough asserts, “had no basis in law or fact” because, he said, the circuit court “had no jurisdiction to grant said motion.” .
For their part, the two attorneys assert that they told Yarbrough at the outset that any, postjudgment relief from his conviction would be “a long shot” but that he told them to submit filings anyway.
On January 14, 2015, Yarbrough filed a complaint against the firm, Eversole, and Perry in the Jefferson Circuit Court, alleging legal malpractice and seeking recovery of the $25,000 in legal fees he paid as “a result of the Defendants’ negligent and/or wanton .legal malpractice” and punitive damages for the alleged fraud perpetrated by Eversole and Perry. On May 22, 2015, Eversole and the firm- filed a motion to transfer the case to the -Shelby- Circuit Court and a motion to dismiss the case, asserting that Yarbrough had failed to state a .claim upon which relief could be granted. The motion to transfer was unopposed, On May 26, 2015, the case was transferred to the Shelby Circuit Court. On June 1, 2015, Perry filed an answer to the complaint in. which he denied Yar-brough’s substantive allegations. On June 5, 2015, the circuit court denied the motion to dismiss filed by the firm and Eversole. On June 6, 2015, the firm and Eversole filed an,answer to the complaint in which they likewise denied Yarbrough’s substantive allegations.
On October 8, 2015, the firm and Ever-sole filed a motion for a judgment on the pleadings. In that motion, they asserted that Yarbrough’s “burden of pleadings and proof in this civil case for legal malpractice is insurmountable as a matter of law” because, they said, Yarbrough could not demonstrate that “the results would have been different or that he was guaranteed a reversal of his conviction” but for the alleged legal malpractice.
On October 12, 2015, Perry filed a motion for a summary judgment. In that motion, Perry asserted;
“[Yarbrough] was convicted of a felony in part based upon [Yarbrough’s] confession. [Yarbrough] has a life sentence. [Yarbrough] wanted to try any-, thing to obtain relief. Perry knew that a Rule 32 Petition and out of time- appeals were filed on [Yarbrough’s] behalf. Mr. Perry worked on some of them. Everything that [Yarbrough] wanted or told was to be filed based upon what Mr, Perry knows, it was filed.”
The summary-judgment motion also stated: “Rule 32 Petitions and out of time appeals are, standard requests in such a *1195 situation. They are always long shots.” In support of the motion, Perry filed an affidavit in which he denied being personally paid $25,000 by Yarbrough for legal work. He stated that the money was paid to the firm. Perry also expressly denied that he lied to Yarbrough or that he made any false representations to Yarbrough. Yar-brough filed no response to Perry’s summary-judgment motion.
On October 13, 2015, Yarbrough filed a response to the firm and. to Eversole’s motion for a judgment on the pleadings, In the response, Yarbrough argued, among other things, that
“[w]hat [the firm and Eversole] simply refuse to acknowledge and are trying to hide is that their negligence and fraud has damaged'[Yarbrough] in the amount of payment of legal fees for work that from the moment [the firm and Ever-sole] took on their representation had no basis in fact or law and could never [have] succeeded.”
On December 10, 2015, the circuit court entered an order granting the firm and Eversole’s motion for a judgment on the pleadings and Perry’s motion for a summary judgment. The circuit court’s reasoning is well summarized in the following paragraph from its order:
“Two underlying legal premises belie [Yarbrough’s] insurmountable burden. In the first instance, an attorney does not guarantee the success of his representations, nor is a lawyer ‘expected to achieve impossible results for a client.’ Pickard v. Turner, 592 So.2d 1016, 1029 (Ala. 1992). Secondarily and even more 'fundamentally, the Legal Services Liability Act[, § 6-5-570 et seq., Ala. Code 1975,] mandates allegations and proof that, ‘but for’ the negligence of the legal service provider, the underlying case would have been different. Hall v. Thomas, 564 So.2d 936 (Ala. 1990). In his Complaint, [Yarbrough] pled no[] ‘but for’ allegations and in his pleadings- filed in opposition to both dispositive motions, [Yarbrough] does not dispute the holding of either case. Instead, -he argues that a Rule 32 petition should never have been filed in the first instance. This argument; however, overlooks the underlying premise for which Defendants were hired by-[Yarbrough] in the first place; namely, to develop some legal basis to overcome the daunting task of reversing the jury’s guilty verdict. In the judgment of the Court, even [Yar-brough’s] well pled, complaint, which contains no..‘but for’., causation allegations, cannot overcome his burden of proof, regardless of .the evidence that he may develop in discovery.” . „
Yarbrough filed a timely notice of appeal.
II, Standard of Review
Our standard of review in this case is de novo, even though the circuit court dismissed Yarbrough’s claims against the defendants in response to two different motions, i.e., a motion for a, judgment on the pleadings and a motion for a summary judgment.-
“ “When ■ a motion for judgment on the pleadings is made by a party, “the trial court reviews the pleadings filed in the case and, if the pleadings show that no genuine issue of material fact is presented, the trial court will enter a judgment for the party entitled to a judgment according to the law.” B.K.W. Enters., Inc. v. Tractor & Equip. Co., 603 So.2d 989, 991 (Ala. 1992). See also Deaton, Inc. v. Monroe, 762 So.2d 840 (Ala. 2000). A judgment on the pleadings is subject to a de novo review. Harden v. Ritter, 710 So.2d 1254, 1255 (Ala. Civ. App. 1997). A court reviewing a judgment on the pleadings accepts the facts *1196 stated in the complaint as true and views them in the light most favorable to the nonmoving party. Id. at 1255-56. If matters outside the pleadings are presented to and considered by the trial court, then the motion for a judgment on the pleadings must be treated as a motion for a summary judgment. See Rule 12(c), Ala. R. Civ. P. Otherwise, in deciding a motion for a judgment on the pleadings, the trial court is bound by the pleadings. See Stockman v. Echlin, Inc., 604 So.2d 393, 394 (Ala. 1992).’ ”
Medlock v. Safeway Ins. Co. of Alabama, 15 So.3d 501, 507 (Ala. 2009) (quoting Universal Underwriters Ins. Co. v. Thompson, 776 So.2d 81, 82-83 (Ala. 2000)).
“We review the trial court’s grant or denial of a summary-judgment motion de novo, and we use the same standard used by the trial court to determine whether the evidence presented to the trial court presents a genuine issue of material fact. Bockman v. WCH, L.L.C., 943 So.2d 789 (Ala. 2006). Once the summary-judgment movant shows there is no genuine issue of material fact, the nonmovant must then present substantial evidence creating a genuine issue of material fact. Id. We review the evidence in a light most favorable to the nonmovant.’ 943 So.2d at 795. We review questions of law de novo. Davis v. Hanson Aggregates Southeast, Inc., 952 So.2d 330 (Ala. 2006).”
Smith v. State Farm Mut. Auto. Ins. Co., 952 So.2d 342, 346 (Ala. 2006).
III. Analysis
Yarbrough’s legal-malpractice claims are subsumed under the Aabama Legal Services Liability Act, § 6-5-570 et seq., Ala. Code 1975 (“the ALSLA”). “There shall be only one form and cause of action against legal service providers in courts in the State of Aabama and it shall be known as the legal service liability action ....”§ 6-5-573, Aa. Code 1975.
“A legal services liability action embraces any form of action in which a litigant may seek legal redress for a wrong or an injury and every legal theory of recovery, whether common law or statutory, available to a litigant in a court in the State of Aabama now or in the future.”
§ 6-5-572(1), Aa. Code 1975. This includes Yarbrough’s claims alleging fraud. See, e.g., Cockrell v. Pruitt, 214 So.3d 324, 334 (Aa. 2016) (stating that “[t]his Court has held that the ALSLA ‘applies to a legal malpractice action based upon fraud’ ”).
Despite the fact that we apply the same de novo standard of review to the circuit court’s rulings on both motions, our disposition of Yarbrough’s claims against the firm and Eversolé, on the one hand, and Perry, on the other, diverges because of the different procedural posture of their respective motions.
Perry filed a motion for a summary judgment that he supported with an affidavit in which he testified that he did not make any misrepresentations to Yar-brough. Yarbrough filed nothing in response to Perry’s submission. Because Perry submitted evidence in support of his motion, Yarbrough could not simply rely on the averments in his complaint. See, e.g., Ex parte General Motors Corp., 769 So.2d 903, 909 (Aa. 1999).[1] Accordingly, we affirm the summary judgment in favor of Perry.
*1197 The same analysis, however, does not apply to Yarbrough’s claims against the firm and Eversole because the firm and Eversole filed a motion for a judgment on the pleadings and they did not submit any other documents for the circuit court to consider. According to the complaint submitted by Yarbrough, Eversole and/or the firm misled Yarbrough into believing that a Rule 32 petition asserting newly discovered evidence and alleging ineffective assistance of counsel would not be precluded by the applicable statute of limitations. The firm and Eversole contend, however, that, even if this allegation is accepted as true, Yarbrough cannot meet his burden of proving that, but for the alleged tortious actions of the defendants, Yarbrough’s Rule 32 petition would have succeeded.
The firm and Eversole note that this Court has stated:
“To prevail in a legal-malpractice action, the plaintiff must prove that, but for the attorney’s negligence, the legal matter concerning which the attorney is alleged to have been negligent would have been resolved more favorably to the plaintiff. Pickard v. Turner, 592 So.2d 1016, 1019 (Ala. 1992). To meet this burden, the plaintiff must prove (1) that, in the absence of the alleged malpractice, the plaintiff would have been entitled to a more favorable result in the legal matter concerning which the attorney is alleged to have been negligent, and (2) that the attorney’s negligence in fact caused the outcome of the legal matter to be less favorable to the plaintiff than the outcome would have been in the absence of the alleged malpractice. Pickard, 592 So.2d at 1020 (‘“Generally, actionable [legal] malpractice cannot be established in the absence of a showing that the attorney’s wrongful conduct has deprived the client of something to which he would otherwise have been entitled.” [7A C.J.S. Attorney and Client § 255 at 462 (1980).] A lawyer cannot be expected to achieve impossible results for a client.’); Hall v. Thomas, 456 So.2d 67, 68 (Ala. 1984) (‘A claim for malpractice requires a showing that in the absence of the alleged negligence the outcome of the case would have been different.’ (citing Mylar v. Wilkinson, 435 So.2d 1237 (Ala. 1983))).”
Bonner v. Lyons, Pipes & Cook, P.C., 26 So.3d 1115, 1120 (Ala. 2009) (emphasis added). They argue that Yarbrough clearly cannot meet his burden because, if they had not done what Yarbrough faults them for—filing a Rule 32 petition on his behalf and filing an appeal and a petition for a writ of mandamus in the Court of Criminal Appeals following the denial of the Rule 32 petition—the result for Yarbrough would have been no different than the circuit court’s denial of his Rule 32 petition that actually occurred.
As Yarbrough observes, however, this case is different than the usual legal-malpractice action alleging a failure of counsel to exercise due care in the handling of an underlying action. As he states:
“It is true that [Yarbrough] cannot prove that the underlying Rule 32 petition and the subsequent pleadings would have been different. They would not have been different because they should never have been filed in the first instance because there was no basis in law or fact to file them let alone charge legal fees to do so. [Yarbrough] in great detail in his complaint described the merits of the motion filed by the [defendants]. They had no merit and the [defendants] knew or should have known such,”
In other words, the alleged wrongdoing has nothing to do with the negligent or omissive provision of legal services; the alleged wrongdoing is that the firm and *1198 Eversole convinced Yarbrough that something could be done in the first place when, in fact, it could not, and they accepted his payments for what they knew would be futile legal services. Yarbrough argues that the Rule 32 petition and the subsequent appellate filings never should have been filed because, he says, they lacked any basis in fact or law. He does not claim that, if the defendants had presented a different argument in the Rule 32 petition or if they had filed a timely appeal the outcome would have been different. Under such circumstances, it makes no sense to require the plaintiff to demonstrate that, but for counsel’s improper conduct, the outcome of the Rule 32 proceeding would have been different.
Yarbrough’s claim is analogous to a claim presented in Bryant v. Robledo, 938 So.2d 413 (Alá. Civ. App. 2005). In Bryant, an attorney allegedly fraudulently induced the daughter and son-in-láw of the attorney’s client to pay for legal services for the client that could never be performed, because, at the. time the attorney accepted money from the daughter and son-in-law, the attorney knew that the client was incompetent and could not contract for legal services; thus, the attorney knew or should have known that he would be unable to perform any legal services for the client. The Court of Civil Appeals concluded that the daughter and son-in-law had a viable claim against the attorney:
“Even if no direct contract between James Bryant [the' attorney] and the Robledos [the daughter and son-in-law] existed, the Robledos also argued that James Bryant knew at the time that he requested payment of the $15,000 by the Robledos that Nave [the client] was incompetent and could not contract for legal representation. If the Robledos could produce evidence to support that contention, then a claim of fraudulent inducement would be shown and would preclude dismissal, of the Robledos’ claim of fraud.”.
938 So.2d at 419.
.As in this case, the allegation against the attorney in Bryant was not that he failed to meet the applicable standard of care in the course of his representation but that he never should have accepted payment for representation in the first, place because the client legally could not contract with the attorney for legal services. No allegation that the outcome of the client’s case would have been different with better legal representation was made because that was not the gravamen of the legal-malpractice claim, and the Court of Civil Appeals did not suggest that any such allegation or evidence in that regard was required.
Moreover, although there appears to be a dearth of similar legal-malpractice cases in Alabama,' they are commonplace throughout the country, even though the “but for” test applied by the circuit court in this case is also a mainstay of legal-malpractice actions nationwide. See, e.g., Kunau v. Pillers, Pillers & Pillers, P.C., 404 N.W.2d 573, 574 (Iowa Ct. App. 1987); Wahl v. Foreman, 398 F.Supp. 526 (S.D. N.Y. 1975); Coastal Orthopaedic Inst., P.C. v. Bongiorno, 61 Mass.App.Ct. 55, 807 N.E.2d 187 (2004); Polin v. Wisehart & Koch, No. 00 CIV. 9624 (DLC), Sept. 2, 2004 (S.D. N.Y. 2004) (not selected for publication in F. Supp. 2d).
Accordingly, the circuit court erred in concluding that Yarbrough’s legal-malpractice action against the firm and Eversole failed as a matter of law. There exists a plain dispute.of fact as to what Eversole told Yarbrough about the prospects of a Rule 32 petition and the subsequent appellate filings. Therefore, a judgment on the pleadings in favor of the firm and Eversole was not warranted.
*1199 IV. Conclusion
The summary judgment in favor of Perry is affirmed. The judgment on the pleadings in favor of the firm and Eversole is reversed, and the cause is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Parker, Main, and Bryan, JJ., concur.
Bolin, J., concurs in the result. •

. We note that Yarbrough at no point sought an extension of time pursuant to Rule 56(f), Ala. R. Civ. P., in which to seek evidence in opposition to Perry’s summary-judgment motion.