Rel: January 31, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

## CL-2023-0239

_____

**Rena Meeks**

**v.**

**Opp Health and Rehabilitation, LLC**

**Appeal from Covington Circuit Court**
**(CV-21-900059)**

PER CURIAM.

Rena Meeks commenced an action in the Covington Circuit Court ("the trial court") seeking workers' compensation benefits from her former employer, the nursing home Opp Health and Rehabilitation, LLC ("OHR"), after she contracted COVID-19. The trial court entered a

judgment on the pleadings in favor of OHR, and Meeks appealed. For the reasons set forth herein, we reverse the judgment and remand the case to the trial court for further proceedings.

Background

On May 11, 2021, Meeks filed a complaint pursuant to the Workers' Compensation Act ("the Act"), § 25-5-1 et seq., Ala. Code 1975, alleging that, in June 2020, while working in the line and scope of her duties as a certified nurse's assistant ("CNA") for OHR, she was exposed to and diagnosed with COVID-19. As a proximate consequence of her exposure and diagnosis, Meeks said, she suffered injuries to her lungs and airway that left her permanently disabled. The complaint did not set forth any of Meeks's duties while she was employed with OHR, nor did it state how she was exposed to COVID-19.

On July 26, 2021, OHR filed an answer denying that Meeks's injuries arose out of and in the course of her employment. Specifically, OHR asserted that Meeks's injuries were not covered under the Act as accidental injuries or as an occupational disease or nonaccidental injuries.

On January 25, 2023, OHR moved for a judgment on the pleadings. In its motion, OHR contended that there was no set of facts or circumstances under which Meeks could recover benefits under the Act based on her alleged contraction of what it described as a "highly contagious communicable disease. "According OHR," [t]his insuperable bar to relief leaves no genuine issue of material fact and, as such, [OHR] is entitled to a judgment as a matter of law."

Meeks responded to the motion, contending that her exposure to and contraction of COVID-19 was an occupational disease rather than an injury. She pointed out that, unlike most people, her job as a CNA required her to come into contact with the bodily fluids of the patients in the nursing home, meaning, she said, that her job duties created a hazard for her in excess of those hazards ordinarily incident to employment. Such exposure, she said in her response, demonstrated that, at the very least, a genuine issue of material fact existed as to whether COVID-19 was an occupational disease when contracted by nursing-home workers.

Meeks attached an affidavit to her response. OHR moved to strike that affidavit on the ground that, in considering a motion for a judgment on the pleadings, the trial court must look only to the pleadings in

3

determining whether to grant the motion. Ultimately, the trial court granted OHR's motion and struck the affidavit.

During oral arguments on the motion for a judgment on the pleadings, OHR argued that, in her complaint, Meeks had failed to plead that she had an occupational disease or allege facts demonstrating that her illness was an occupational disease as that term is defined in the Act. OHR also argued that COVID-19 affected everyone and, therefore, it could not qualify as an occupational disease and was thus not compensable under the Act.

Although in her response to the motion for a judgment on the pleadings Meeks contended that she had an occupational disease, at the hearing, she contended that she did not have an occupational disease, but a "condition" and a risk of exposure to that "condition." She argued that her exposure to COVID-19 was peculiar to her job because she was in a closed environment with sick people with whom she was required to come into direct contact and her exposure was greater than that of the average person. Therefore, she contended, there was "room" within the Act for her condition to be compensable.

On March 22, 2023, the trial court entered a judgment on the pleadings in favor of OHR.[1] In the judgment, the trial court explained that, even though Meeks's injuries were not alleged as an "occupational disease," it found that COVID-19 was not compensable as an occupational disease. It then found that, from the pleadings, there was no genuine issue of material fact and that OHR was entitled to a judgment as a matter of law. The trial court did not address whether COVID-19 could be compensable as a nonaccidental injury. Meeks did not file a postjudgment motion before filing a notice of appeal to this court.

## Standard of Review

Rule 12(c), Ala. R. Civ. P., authorizes a trial court to enter a judgment on the pleadings. The rule provides, in pertinent part, that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

---

[1]"If matters outside the pleadings are presented to and considered by the trial court, then the motion for a judgment on the pleadings must be treated as a motion for a summary judgment. See Rule 12(c), Ala. R. Civ. P." Universal Underwriters Ins. Co. v. Thompson, 776 So. 2d 81, 82-83 (Ala. 2000). Here, however, the trial court explicitly stated that it had confined its review to Meeks's complaint and OHR's answer.

"When a motion for judgment on the pleadings is made by a party, 'the trial court reviews the pleadings filed in the case and, if the pleadings show that no genuine issue of material fact is presented, the trial court will enter a judgment for the party entitled to a judgment according to the law.' B.K.W. Enters., Inc. v. Tractor & Equip. Co., 603 So. 2d 989, 991 (Ala. 1992)."

Universal Underwriters Ins. Co. v. Thompson, 776 So. 2d 81, 82 (Ala. 2000). "[A] judgment on the pleadings is subject to de novo review, and the facts in the complaint are to be accepted as true and are to be viewed in the light most favorable to the nonmoving party. See Ortega v. Christian, 85 F.3d 1521, 1524-25 (11th Cir. 1996)." Harden v. Ritter, 710 So. 2d 1254, 1255-56 (Ala. Civ. App. 1997). If, as in this case, the trial court does not consider matters outside of the pleadings, then the trial court is bound by the pleadings. Universal Underwriters Ins. Co., 776 So. 2d at 83. "The trial court cannot enter a judgment on the pleadings if the pleadings demonstrate the existence of a genuine issue of material fact." Ex parte Enriquez, 316 So. 3d 664, 668 (Ala. Civ. App. 2020).

Analysis

Meeks contends that the trial court erred in entering a judgment on the pleadings because, she says, her condition is compensable as a nonaccidental injury under the Act. OHR asserts that this court is

6

precluded from considering Meeks's "'nonaccidental injury' argument" because, it says, in her response to the motion for a judgment on the pleadings, she argued that her exposure to and diagnosis with COVID-19 resulted in an "occupational disease" and not that her injuries were the result of a nonaccidental injury. In support of its argument, OHR relies on authority holding that an appellate court cannot consider arguments raised for the first time on appeal. We disagree with OHR's assertion that we cannot consider this issue.

In her complaint, Meeks did not specify whether her claim arose as a result of a nonaccidental injury or because she had contracted an occupational disease. Instead, she asserted only that, while in the line and scope of her employment, she was exposed and diagnosed with COVID-19, resulting in injuries to her lungs and airway. In other words, the complaint was silent as to the type of injury Meeks claimed she had suffered, and the legal theory of compensability she intended to pursue was left open-ended. OHR did not file a motion for a more definite statement under Rule 12(e), Ala. R. Civ. P.

At this early stage of the litigation, the trial court was bound by the pleadings, Universal Underwriters Ins. Co., 776 So. 2d at 83. It was

7

required to accept as true the facts Meeks set forth in her complaint and to view those facts in the light most favorable to her. Harden, 710 So. 2d at 1255-56. OHR cites no authority for the proposition that, to survive a motion for a judgment on the pleadings, Meeks had to assert every possible legal theory pursuant to which the facts alleged would be compensable. Thus, we will consider the merits of the judgment, that is, whether the pleadings themselves demonstrate that no genuine issue of material fact was presented and that OHR was entitled to a judgment according to the law. Universal Underwriters Ins. Co., 776 So. 2d at 82.

Meeks cites Ex parte Trinity Industries, Inc., 680 So. 2d 262 (Ala. 1996), in support of her contention that her exposure to COVID-19 qualifies as a nonaccidental injury under the Act. In Ex parte Trinity Industries, Inc., 680 So. 2d at 269, our supreme court explained that,

> "to establish causation in a workers' compensation case where the injury is nonaccidental, meaning that the injury was not caused by a sudden and unexpected external event, a claimant must satisfy a two-part causation test by producing substantial evidence establishing both (a) legal causation and (b) medical causation. See City of Tuscaloosa v. Howard, 318 So. 2d 729 (Ala. Civ. App. 1975); and Ex parte Moncrief, 627 So. 2d 385, 388 (Ala. 1993) (citing Hammons v. Roses Stores, Inc., 547 So. 2d 883 (Ala. Civ. App. 1989))."

8

The Trinity Industries court explained that, to establish legal causation for nonaccidental injuries under the Act, an employee "need only establish that the performance of his or her duties as an employee exposed him or her to a danger or risk materially in excess of that to which people are normally exposed in their everyday lives." Id. at 267.

More than 80 years ago, our supreme court recognized in Pow v. Southern Construction Company, 235 Ala. 580, 584, 180 So. 288, 291 (1938), that, under certain circumstances, nonaccidental injuries such as pneumonia that arose out of and in the course of employment were compensable under workers' compensation law. The Pow court held that, although pneumonia was a "germ disease," evidence supported the trial court's determination that the employee's pneumonia "was caused by the chill and wet from exposure peculiar to the time and place of employment." Pow 235 Ala. at 585, 180 So. at 292. In reaching that conclusion, the Pow court quoted Gulf States Steel Co. v. Christison, 228 Ala. 622, 628, 154 So. 565, 569 (1934), in which our supreme court wrote:

> "'In connection with the sort of accident here involved, the principle to which most authorities give assent is that the harmful condition does arise out of the employment, if, in the performance of the duties for which he was engaged, in the manner required or contemplated by the employer, it is necessary for the employee to expose himself to a danger,

9

materially in excess of that to which people commonly in that locality are exposed, when not situated as he is when thus performing his service, and that such excessive exposure may be found to have been the direct cause of the injury, though operating upon other conditions of common exposure. Am. Fuel & Clay Products Co. v. Gilbert, 221 Ala. 44, 127 So. 540 [(1930)]; Cudahy Packing Co. v. Parramore, 263 U.S. 418, 44 S. Ct. 153, 68 L. Ed. 366, 30 A.L.R. 532.[(1923)]"

Building on the rationale expressed in Christison, the Pow court observed that, in Cudahy Packing Co. v. Parramore, 263 U.S. 418 (1923),

"the Supreme Court of the United States, while dealing with different facts, stressed the principle that there was no want of causal relation between the employment and injury from hazards common to all, 'if the danger be one to which the employee, by reason of and in connection with his employment, is subjected peculiarly or to an abnormal degree.'

"And again quoted with approval the following from George Anderson & Co. v. Adamson, 50 Scot. L.R. 855 [(1913)]:

"'If it is the normal risk merely which causes the accident, the answer must be that the accident did not arise out of the employment. But if the position which the workman must necessarily occupy in connection with his work results in excessive exposure to the common risk … or if the continuity or exceptional amount of exposure aggravates the common risk, … then it is open to conclude that the accident did not arise out of the common risk, but out of the employment.'"

Pow, 235 Ala. at 584, 180 So. at 291.

Here, Meeks alleged in her complaint that, while working as a CNA in June 2020, she was exposed to and diagnosed with COVID-19, which, she said, resulted in compensable injuries. OHR contends that "there is no causal connection to show both that her alleged contraction of COVID-19 arose out of the employment and occurred in the course of the employment." It also argues that Meeks "cannot present any set of facts sufficient for a finding that in the middle of the COVID-19 pandemic, she was exposed to a danger or risk materially in excess of that danger to which all persons are ordinarily exposed in their everyday lives." However, OHR is making assertions based on speculation and not on any factual basis. At this point in the litigation, the trial court is required to take as true the facts that Meeks set forth in her complaint and to view those facts in a light most favorable to her. We can envision a set of circumstances in which, at the time -- early in the COVID-19 pandemic when many schools and businesses were closed and before vaccines were available -- and the place of her employment -- a nursing home -- Meeks was required to work closely with numerous patients who had COVID-19, exposing her to a risk materially in excess of the danger that most people were ordinarily exposed to at that time.

11

Indeed, other jurisdictions that have considered the compensability of COVID-19 under their states' workers' compensation laws have determined that, under certain circumstances, employees have presented sufficient evidence to support a determination that they had contracted COVID-19 in the course of their employment and were entitled to receive workers' compensation benefits. For example, in Pierre v. ABF Freight, 211 A.D. 3d 1284, 1286, 180 N.Y.S. 3d 337, 340 (N.Y. App. Div. 2022), the New York court determined that a freight delivery driver who contracted COVID-19 during a "major infection" of the disease at his plant and who did not attend any social gatherings, go to public places or use public transportation, and had no contact with people outside of work other than his wife and son, presented sufficient evidence to support a determination that he contracted COVID-19 in the course of his employment.

Similarly, the Arizona Court of Appeals held that, despite conflicting evidence, the wife of a design engineer who died of COVID-19 was entitled to workers' compensation benefits after presenting evidence indicating that the design engineer's only known exposure to COVID-19 was traceable to his workplace. Western Millwork v. Indus. Comm'n of

Ariz., 536 P.3d 305, 311-13 (Ariz. Ct. App. 2023). Therefore, the court held, the wife had satisfied the requirement that the design engineer's death arose out of his employment and was compensable. Id.

Based on the foregoing, we are not prepared to hold that COVID-19 is not compensable under the Act as a matter of law. Meeks is entitled to pursue her claim that she contracted COVID-19 while working within the line and scope of her employment and that the performance of her duties as an employee exposed her to a danger or risk materially in excess of that to which people are normally exposed in their everyday lives. Ex parte Trinity Indus., Inc., 680 So. 2d at 269. In reaching this conclusion, we are holding only that Meeks should have an opportunity to present evidence in support of her claim, not that she will prevail in the face of a properly supported summary-judgment motion or at a trial on the merits of her claim.

Conclusion

The facts alleged in Meeks's complaint, if proven, would support a determination that the injuries she alleges she received as a result of contracting COVID-19 are compensable under the Act. See generally Ex parte Trinity Indus., Inc., 680 So. 2d 262, and Pow, 235 Ala. 580, 180 So.

288. Therefore, the trial court erred in entering a judgment on the pleadings. We reverse that judgment and remand the case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Thompson, P.J., and Moore, Hanson, and Fridy, JJ., concur.

Edwards, J., concurs in the result, without opinion.